UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
FLAVIANO QUINTERO,

                        Petitioner,

        - against -

PHILIP HEATH, Superintendent, Sing Sing
Correctional Facility,

                       Respondent.
------------------------------------------------------------------------x

10-CV-8709 (CS) (LMS)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Appearances:

Flaviano Quintero
Ossining, New York
*Pro Se Petitioner*

Bridget Rahilly Steller
Assistant District Attorney
Dutchess County District Attorney's Office
Poughkeepsie, New York
*Counsel for Respondent*

Seibel, J.

      Before the Court are Petitioner Flaviano Quintero's Objections, dated September 10, 2012, (Doc. 17), to the Report and Recommendation ("R&R") of United States Magistrate Judge Lisa Margaret Smith, dated August 17, 2012, (Doc. 14), recommending denial of Petitioner's Petition pursuant to 28 U.S.C. § 2254, (Doc. 2). Familiarity with the prior proceedings, the R&R, and the issues presented is presumed.

I.    Standard of Review

      A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

-1-

judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008)[1]; *accord Evans v. Ericole*, No. 06-CV-3684, 2008 WL 4861783, at *2 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted).

---

[1] Copies of all unreported opinions cited in this Memorandum Decision and Order will be provided to Petitioner.

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, 05-CV-6527, 2008 WL 4410131, at *2, 24 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted).

II.   Discussion

With respect to Petitioner's December 29, 2007 statements, Petitioner does not in his Objections address Magistrate Judge Smith's finding of procedural default. Rather, he simply argues that the facts are not those found by the trial court. There being no specific objection to the Magistrate Judge's analysis regarding procedural default, I review it for clear error and find none. Indeed, I would find it to be correct even if I were reviewing it *de novo*. Accordingly, I do not reach the substance of Petitioner's argument, except to note that alleged erroneous factual findings by the state court do not provide a basis for *habeas* relief unless the reviewing court concludes that the trial court's factual determination was not simply incorrect, but also unreasonable, in light of the evidence presented. 28 U.S.C. § 2254(d)(2). In assessing that issue, the factual findings of state courts are presumed correct and the petitioner must rebut that presumption by clear and convincing evidence. *Id.* § 2254(e)(1). Plaintiff has not presented evidence that clears that threshhold.

With respect to Petitioner's January 3, 2008 statements, he merely reiterates the arguments made to the state courts and to the Magistrate Judge, and accordingly I review the

-3-

Magistrate Judge's finding for clear error. I find none. Even if I were reviewing *de novo*, I would likewise adopt the Magistrate Judge's finding. This case is not like *People v. Ferro*, 63 N.Y.2d 316 (1984), on which Petitioner relies. There the police brought items stolen from the murder victim's apartment to the defendant's cell, and placed them directly before him. The New York Court of Appeals concluded that that conduct was reasonably likely to elicit a statement from the defendant, who had previously invoked his *Miranda* rights, because it had not other possible object but to elicit a statement. Here Petitioner happened to see an item of evidence (a laptop computer) on the officer's desk while defendant and the officer were waiting for a computer system to come back up so Petitioner could be processed. The laptop was on the desk for a legitimate reason: the officer was about to bring it to court. Magistrate Judge Smith was correct in concluding that the state court finding – that the officer did not deliberately intend to elicit an incriminating statement and that the circumstances were not reasonably likely to elicit such a statement – was not contrary to nor an unreasonable application of Supreme Court precedent, nor an unreasonable determination of fact.

Conclusion

Accordingly, I adopt the R&R as the decision of the Court. The Petition is dismissed with prejudice. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Lozada v. United States*, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: October 2, 2012
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.